UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEEPAK DHURUP JEE,<br><br>                   Petitioner,<br><br>   v.<br><br>A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,<br><br>                   Respondent. | Case No. C10-1727-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

I.     INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Deepak Dhurup Jee has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which challenges the lawfulness of his continued detention without bond by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. 4.) Respondent has filed a Return and Motion to Dismiss, arguing that petitioner's continued detention by ICE pending his removal to Fiji is mandated by Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1226(c), because he has been convicted of an aggravated felony. (Dkt. 13.)

For the reasons set forth below, the Court recommends that petitioner's habeas petition be **DENIED**, and respondent's motion to dismiss be **GRANTED**.

REPORT AND RECOMMENDATION - 1

## II.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Fiji, who entered the United States at Los Angeles, California, on December 20, 1997, as an immigrant. Administrative Record ("AR") at R56, R67. On November 19, 2008, petitioner pled guilty in the Superior Court of Washington for Clark County to Possession of a Controlled Substance with Intent to Deliver, to wit, Heroin; Attempting to Elude a Pursuing Police Vehicle; Assault in the Third Degree; and Bail Jumping on a Class B or C felony; and was sentenced to 20 months incarceration. (AR R145.)

On February 10, 2009, ICE issued a Notice to Appear, charging petitioner as subject to removal from the United States under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony, and under INA § 237(a)(2)(B)(i) for having been convicted of a law relating to a controlled substance. (AR L14-17.) On October 5, 2010, an Immigration Judge ("IJ") ordered petitioner removed to Fiji based on the charges contained in the Notice to Appear. (AR L413.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on February 16, 2011. (AR L407-12.)

On November 18, 2010, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. 4.) On January 3, 2011, respondent filed a motion to dismiss. (Dkt. 13.) Petitioner did not file a response.

## III.    DISCUSSION

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the *latest* of the following:

(i) <u>The date the order of removal becomes administratively final</u>.

REPORT AND RECOMMENDATION - 2

>   (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
>   (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004)(stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2)("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

In *Zadvydas*, the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*.

In the present case, the BIA denied petitioner's appeal of the IJ's removal order on February 16, 2011, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i). Accordingly, petitioner's ninety-day removal period will expire on or about May 16, 2011, and the six month presumptively reasonable period will expire on or about August 16, 2011. Accordingly, petitioner's detention is lawful, and the Court must deny habeas

REPORT AND RECOMMENDATION - 3

relief.[1]  *See Zadvydas*, 533 U.S. at 701.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be **DENIED**, respondent's motion to dismiss be **GRANTED**, and that this matter be **DISMISSED** with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of February, 2011.

                                              BRIAN A. TSUCHIDA
                                              United States Magistrate Judge

---

[1] The Court notes for the record that if petitioner files a petition for review, and if the Ninth Circuit Court of Appeals orders a stay of removal, petitioner's removal period would not begin until the date of the Ninth Circuit's final order.  *See* INA § 241(a)(1)(B)(ii).  Should petitioner remain in detention pending judicial review of his administratively final order of removal, he would then be entitled to an individualized bond hearing before an immigration judge and an opportunity to appeal that determination to the BIA.  *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008) (holding that once proceedings before the BIA are completed, the authority to detain criminal aliens shifts from mandatory detention under INA § 236(c) to discretionary detention under INA § 236(a)); *cf. Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) ("Because Prieto-Romero filed a petition for review and out court entered a stay, his detention is governed by § 1226(a); only if we enter a final order denying his petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

REPORT AND RECOMMENDATION - 4